# United States Court of Appeals
## For the First Circuit

No. 23-1626

SANDRA RODRÍGUEZ-COTTO; RAFELLI GONZÁLEZ-COTTO,

Plaintiffs - Appellees,

v.

PEDRO R. PIERLUISI-URRUTIA, Governor of Puerto Rico; DOMINGO EMANUELLI HERNÁNDEZ, Secretary of Department of Justice; ALEXIS TORRES RÍOS, Secretary of Puerto Rico Department of Public Safety; ANTONIO LÓPEZ FIGUEROA, Commissioner of the Puerto Rico Police Bureau,

Defendants - Appellants,

INÉS DEL C. CARRAU-MARTINEZ,

Defendant.

**ORDER OF COURT**

Entered: April 5, 2024

    Defendants-appellants Pedro R. Pierluisi-Urrutia, Domingo Emanuelli Hernández, Antonio López Figueroa, and Alex Torres Ríos have appealed the district court's decision and judgment enjoining defendants, in their official capacity, from enforcing Article 5.14(a) of the Law of the Puerto Rico Department of Public Safety, Law 20 of 2017, P.R. Laws Ann. tit. 25, §§ 3501, et seq., as well as the decision denying their motion for reconsideration.

    On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of PROMESA, 48 U.S.C. §§ 2161, et seq., for adjustment of its debts. On January 18, 2022, the Title III court confirmed the Commonwealth's Title III Plan. In re Fin. Oversight & Mgmt. Bd. for P.R., 636 B.R. 1 (D.P.R. 2022). The effective date of the Plan was March 15, 2022. Under 48 U.S.C. § 2161(a), the bankruptcy automatic stay provisions of 11 U.S.C. §§ 362 and 922, as well as the bankruptcy discharge provisions of 11 U.S.C. §§ 944 and 524(a)(1) and (2), are incorporated into PROMESA.

    In light of the above, we direct the parties to show cause **within 40 days** of this order whether any filings or orders in the district court case at issue in this appeal were subject to the automatic stay provisions. See HealthproMed Foundation, Inc. v. Dep't of Health & Human Serv., 982 F.3d 15, 19-20 (1st Cir. 2020) (holding that this court lacks jurisdiction over orders that are

void because they were issued in violation of the automatic stay); but see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (stating a state official sued in their official capacity for injunctive relief is a person under 42 U.S.C. § 1983 and is not treated as an action against the state) (citation omitted). The parties are further directed to show cause whether any aspect of this appeal can proceed in light of the Commonwealth's Title III Plan's discharge (§ 92.2) and discharge injunction (§ 92.3) provisions, or any other Plan provisions, as well as the express inclusion of "employees" and "officials" in Confirmation Order ¶ 56(b). See 11 U.S.C. § 524(a)(1) and (2) (stating that discharge "voids any judgment at any time obtained" and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt . . . of the debtor").

The parties are directed to state with specificity the reasoning behind their conclusions one way or the other, including: whether any party has a proof of claim or administrative expense claim resolved or pending in Title III process that involves the issues in this matter and the status of such claims; whether any party sought or received a retroactive lift of the automatic stay in the Title III court that is applicable to the district court matter and/or this appeal; and whether it is possible to place the First Amendment challenge to Article 5.14 before the Title III court as an adversary proceeding and, if so, the mechanism by which that might be accomplished.

By the Court:

Maria R. Hamilton, Clerk

cc:
Joel Torres-Ortiz
Juan C. Ramírez-Ortiz
Omar J. Andino Figueroa
Mariola Abreu Acevedo
William Ramírez Hernández
Fermín L. Arraiza Navas
Brian Matthew Hauss
Emerson Sykes
Nora Vargas-Acosta
Clare Rivka Norins

Case: 23-1626     Document: 00118129152     Page: 2     Date Filed: 04/05/2024     Entry ID: 6633967