# UNITED STATES COURT OF APPEALS
# For the First Circuit

───────────────────

### No. 23-1626

SANDRA RODRÍGUEZ-COTTO; RAFELLI GONZÁLEZ-COTTO,

Plaintiffs - Appellees,

v.

PEDRO R. PIERLUISI-URRUTIA, Governor of Puerto Rico; DOMINGO EMANUELLI-HERNÁNDEZ HERNANDEZ, Secretary of Department of Justice; ALEXIS TORRES RÍOS, Secretary of Puerto Rico Department of Public Safety; ANTONIO LÓPEZ FIGUEROA, Commissioner of the Puerto Rico Police Bureau,

Defendants – Appellants,

INÉS DEL C. CARRAU-MARTÍNEZ,

Defendant.

───────────────────

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

───────────────────────────────────────────────────────────────

**MOTION IN COMPLIANCE WITH COURT ORDER**

───────────────────────────────────────────────────────────────

**TO THE HONORABLE COURT:**

    **COME NOW** Defendants-Appellants, Hon. Pedro R. Pierluisi-Urrutia, Governor of Puerto Rico; Domingo Emanuelli-Hernández, Secretary of the

Department of Justice; Alexis Torres-Ríos, Secretary of the Department of Public Safety; Antonio López-Figueroa, Commissioner of the Puerto Rico Police Bureau (collectively, "Appellants"), through the undersigned counsel, and most respectfully state and pray as follows:

On April 5, 2024, this Honorable Court ordered the parties to show cause within forty (40) days of the order as to: (1) whether any filings or orders in the district court case at issue in this appeal were subject to the automatic stay provisions; (2) whether any aspect of this appeal can proceed in light of the Commonwealth's Title III Plan's discharge (§ 92.2) and discharge injunction (§ 92.3) provisions, or any other Plan provisions, as well as the express inclusion of "employees" and "officials" in Confirmation Order ¶ 56(b).[1] The parties were further directed to state with specificity the reasoning behind their conclusions one way or another, including: (a) whether any party has a proof of claim or administrative expense claim resolved or pending in Title III process that involves the issues in this matter and the status of such claims; (b) whether any party sought or received a retroactive lift of the automatic stay in the Title III court that is

---

[1] On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2161, *et seq.*, for adjustment of its debts. On January 18, 2022, the Title III court confirmed the Commonwealth's Title III Plan (Plan of Adjustment). *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 636 B.R. 1 (D.P.R. 2022). The effective date of the Plan was March 15, 2022. Under 48 U.S.C. § 2161(a), the bankruptcy automatic stay provisions of 11 U.S.C. §§ 362 and 922, as well as the bankruptcy discharge provisions of 11 U.S.C. §§ 944 and 524(a)(1) and (2), are incorporated into PROMESA.

2

applicable to the district court matter and/or this appeal; and (c) whether it is possible to place the First Amendment challenge to Article 5.14 before the Title III court as an adversary proceeding and, if so, the mechanism by which that might be accomplished.

As explained below, upon review of the district court's docket and conferring with the Financial Oversight and Management Board ("FOMB"), Appellants assert that neither the automatic stay provisions nor the Commonwealth's Title III Plan's discharge injunction provisions have any bearing on this case or any aspect of this appeal. This appeal arises from a post-petition pre-enforcement action brought under 42 U.S.C. § 1983 against state officials in their official capacities for declaratory and injunctive prospective relief. It does not involve any monetary claims and is not an action against the Commonwealth itself. As such, the Title III Court would not have jurisdiction to provide the relief sought by Plaintiffs-Appellees under Section 305 of PROMESA even if the challenge were able to be filed as an adversary proceeding in the Title III case. Although this should be dispositive of this Honorable Court's core concerns, we will briefly address each of the questions posed in this Court's *Order*.

This appeal originates in case No. 20-01235 (PAD), filed before the United States District Court for the District of Puerto Rico. On May 20, 2020, Plaintiffs-Appellees, Sandra D. Rodríguez-Cotto and Rafelli González-Cotto, filed a

3

*Complaint for Declaratory and Injunctive Relief* under 42 U.S.C. § 1983 against Defendants-Appellants, the Governor of Puerto Rico, the Secretary of the Department of Justice, the Secretary of the Department of Public Safety, and the Commissioner of the Puerto Rico Police Bureau, **in their official capacities**. Plaintiffs-Appellees brought this lawsuit to challenge two provisions of the Puerto Rico Department of Public Safety Act, 25 LPRA § 3501 *et seq.*, both of which punish the sharing of false information about emergencies in Puerto Rico, including the then ongoing health emergency caused by COVID-19. Plaintiffs-Appellees alleged that the challenged provisions—Sections 6.14(a) and (f)— infringed their First and Fourteenth Amendment rights. They also filed a motion for preliminary injunction against both challenged provisions. Plaintiffs-Appellees sought a ruling declaring that the challenged provisions violated the First and Fourteenth Amendments to the Constitution, both on their face and as applied to Plaintiffs-Appellees, and enjoining Defendants-Appellants from enforcing these provisions.

After Plaintiffs-Appellees motion for preliminary injunction was fully briefed, the Government of Puerto Rico enacted Act No. 66-2020, which substantially amended Section 6.14(a) and suppressed Section 6.14(f). Consequently, on July 29, 2020, Plaintiffs-Appellees filed an *Amended Complaint for Declaratory and Injunctive Relief*. As in the original complaint, Plaintiffs-Appellees brought claims for declaratory and injunctive relief under 42 U.S.C. §1983 against Defendants-

Appellants **in their official capacities**. They sought a ruling declaring that Section 6.14(a) violates the First and Fourteenth Amendments to the Constitution, both on its face and as applied to Plaintiffs, and enjoining Defendants-Appellants from enforcing Section 6.14(a). Plaintiffs-Appellees did not seek any money judgment.

After multiple filings and procedural events, on March 31, 2023, the district court issued an *Opinion and Order* ruling that the challenged provision could not be enforced because, as drafted, it did not pass the musted under the First Amendment. On even date, the district court entered a *Judgment* permanently enjoining Defendants-Appellants from enforcing the challenged provision. **It bears to emphasize that, as of this date, the district court has not entered any monetary award.**

Turning to this Honorable Court's *Order*, as explained above, neither the automatic stay provisions nor the Commonwealth's Title III Plan's discharge and discharge injunction provisions have any bearing on this case or any aspect of this appeal.

1. **Whether any filings or orders in the district court case at issue in this appeal were subject to the automatic stay provisions.**

On May 3, 2017, the FOMB, on behalf of the Government of Puerto Rico, filed a petition for relief under Title III of PROMESA, 48 U.S.C. § 2161, *et seq.*, in the United States District Court for the District of Puerto Rico. *In re Commonwealth of Puerto Rico*, Case No. 17-3283 (LTS). Section 301 (a) of PROMESA, 48 U.S.C.

5

§ 2161 (a), expressly makes applicable to cases under Title III the provisions of Sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922.

Pursuant to Section 362 (a)(1), as incorporated by Section 301(a) of PROMESA, a petition operates as a stay of the "the commencement or continuation…of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the Title III case, or "to recover a claim against the debtor that arose before the commencement" of the Title III case. 11 U.S.C. § 362 (a)(1). The Government of Puerto Rico is the debtor in the petition pursuant to Section 301 (c)(2) of PROMESA, 48 U.S.C. § 2161 (c)(2). *See Colón-Torres v. Negron-Fernández*, 997 F.3d 63, 69 (1st Cir. 2021).

Section 362(a)'s stay applies to all actions brought directly against the debtor, including requests for injunctive relief. *Colón-Torres v. Negrón-Fernández*, 997 F.3d at 69; *Municipality of San Juan v. Commonwealth of Puerto Rico*, 919 F. 3d 565, 576-577 (1st Cir. 2019) (citing 3 Collier on Bankruptcy par. 362.03 (16th ed. 2018)); *Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321, 329 (C.D. Cal. 2016). "The automatic stay is 'extremely broad in scope' and, 'applies to almost any type of formal or informal action taken against the debtor or the property of the estate.'" *Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico (In re Financial Management Board of Puerto*

*Rico)*, 919 F. 3d 121, 129 (1st Cir. 2019) (quoting *In re Slabicki*, 466 B.R. 572, 580 (1st Cir. B.A.P. 2012)); *Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo)*, 537 B.R. 128, 140 (Bankr. D.P.R. 2015).

On the other hand, Section 922 (a), it is designed to stay actions not taken directly against the municipality (or, in this case, the Government of Puerto Rico), but those taken against certain others which would have the effect of enforcing a claim against it. *Colón-Torres v. Negrón-Fernández*, 997 F.3d 63 (1st Cir. 2021); *In re Jefferson County, Alabama*, 474 B.R. 228, 247-248 (N.D. Ala. 2012). The stay provided in Section 922 (a) is not limited to pre-petition claims. *Assured Guar. Corp. v. F.O.M.B. (In re F.O.M.B.)*, 931 F.3d 111 (1st Cir. 2019).

In this case, the events that gave rise to Plaintiffs-Appellants lawsuit occurred *after* May 2017, that is, after the Commonwealth filed its petition under Title III of PROMESA. Therefore, the automatic stay provided for in Section 362(a)(1) did not apply to this case. Moreover, insofar as Plaintiff-Appellees brought this lawsuit under 42 U.S.C. § 1983 against state officials in their **official capacities** and only requested declaratory and injunctive **prospective relief**,[2] this action is not deemed

---

[2] As a general rule, neither a State nor its officials acting in their official capacities are "persons" under § 1983. Although state officials are literally persons, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, "it is no different from a suit against the State itself." *Id.* Nonetheless, the Supreme Court has held that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* n. 10 (citations omitted).

as a suit against the Commonwealth itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."). Therefore, the automatic stay provided for in Section 992(a) is likewise inapplicable.

**As such, no filings or orders in the district court case at issue in this appeal were subject to the automatic stay provisions**. It therefore follows that none of the parties sought or received a retroactive lift of the automatic stay in the Title III court that is applicable to the district court matter and/or this appeal. Similarly, none of the parties has a proof of claim or administrative expense claim resolved or pending in Title III process that involves the issues in this matter and the status of such claims.

2. **Whether any aspect of this appeal can proceed in light of the Commonwealth's Title III Plan's discharge (§ 92.2) and discharge injunction (§ 92.3) provisions, or any other Plan provisions, as well as the express inclusion of "employees" and "officials" in Confirmation Order ¶ 56(b).**

As explained above, this appeal arises from a post-petition pre-enforcement action brought under 42 U.S.C. § 1983 against state officials in their official capacities for declaratory and injunctive prospective relief. It does not involve any monetary claims and is not an action against the Commonwealth itself. As such, the

Commonwealth's Title III Plan's discharge (§ 92.2) and discharge injunction (§ 92.3) provisions have no bearing on this appeal.

Furthermore, given that Plaintiffs-Appellees only requested prospective declaratory and injunctive relief against the enforcement of the challenged provision, the Title III Court would not be able to provide the relief sought by Plaintiffs-Appellees under Section 305 of PROMESA even if the challenge were able to be filed as an adversary proceeding in the Title III case.[3]

**WHEREFORE**, Appellants respectfully request that this Honorable Court take notice of the above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 15th day of May, 2024.

*s/Omar Andino-Figueroa*
**OMAR ANDINO FIGUEROA**
Deputy Solicitor General

*s/Mariola Abreu-Acevedo*
**MARIOLA ABREU-ACEVEDO**
Assistant Solicitor General

---

[3] The Government of Puerto Rico does not waive any right under the Plan of Adjustment or the Confirmation Order if any monetary award (*e.g.* attorneys' fees) is entered for appellees in the future.

# CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico this 15th day of May, 2024.

*s/Mariola Abreu-Acevedo*
**MARIOLA ABREU-ACEVEDO**
Assistant Solicitor General
USCA No. 1199215
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel.: (787) 721-2900, Ext. 1531
*mariola.abreu@justicia.pr.gov*